JULIO SOLLA, Plaintiff and Appellant, *v.* PETRA B. DE MARÍN ET AL., Defendants and Appellees.

No. 6210.    Argued November 14, 1935.—Decided November 27, 1935.

*M. Benítez Flores* for appellant.    *R. Buscaglia* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Julio Solla filed a complaint in the District Court of San Juan against Petra B., widow of Marín, L. Alvarez, and Rafael Ruiz.   The basis of the claim against the first-named

defendant is that she brought, in the Municipal Court of San Juan, an action of debt against the plaintiff herein well knowing that said action did not lie and that Solla owed her nothing. The cause of action against the other two defendants is based on the ground that they executed a bond in the sum of $200 to answer for any damages that might result from the attachment levied by Petra B. de Marín in the suit that gave rise to the present action. Solla claims in the complaint herein the sum of $200 expended for attorney's fees in the municipal court and in the district court. He further claims $45 daily which he failed to earn by reason of his having to appear for three days before the municipal court and the district court as a result of the complaint filed by Petra B., widow of Marín. The plaintiff alleges, that by reason of the attachment levied on the funds which she had in the Banco Comercial de Puerto Rico, she was unable to fulfill an obligation she had contracted in connection with the purchase of certain cattle, and that she failed to make a profit amounting to $400 on that transaction. She seeks to recover the additional sum of $2,000 as damages for the wrong and upsetting she has suffered and the humiliation to which she was subjected, which has affected her commercial credit and the business she is engaged in, all in consequence of the suit and the attachment prosecuted by Petra B. de Marín.

Rafael Ruiz and L. Alvarez were duly summoned, Petra B., widow of Marín, was served with process by publication, due to the fact that she was sojourning in the United States at the time the complaint was filed, but no property belonging to her was attached in Puerto Rico. Defendants Rafael Ruiz and L. Alvarez filed a demurrer before the district court for want of jurisdiction, and the same was sustained. Subsequently, the attorney for the plaintiff filed a motion for reconsideration of the court's ruling on the demurrer, and the court reconsidered its previous decision and overruled

the demurrer for want of jurisdiction, and allowed the defendants ten days to plead over.

The defendants then filed a demurrer for insufficiency and the district court sustained it and granted the plaintiff a term in which to amend the complaint, if the same could be amended. Thereupon plaintiff asked the court to render final judgment, which the court did, stating in the judgment that it dismissed the complaint on the further ground that the court lacked jurisdiction over the defendants L. Alvarez and Rafael Ruiz. The plaintiff appealed from that judgment to this court.

The defendants Rafael Ruiz and L. Alvarez have raised the question of want of jurisdiction and maintain that Petra B., widow of Marín, plaintiff in the former suit, is not and never was a true party defendant in the present action. The latter has been prosecuted exclusively against the defendants-appellees who executed in favor of Julio Solla the bond referred to in the complaint herein. Said defendants state that the only legal relation existing between them and the plaintiff-appellant arises from the bond, whereby they agreed to answer for damages up to $200. They add that, taking as true all the allegations of the complaint, judgment could not be rendered against them in excess of $200, which is the amount of the bond.

There is no doubt whatever that Mrs. Petra B., widow of Marín, has never been under the jurisdiction of the lower court. As this court said in denying the motion to dismiss filed by the appellant, this lady is not and never was a party defendant to this action. It has been so acknowledged by the plaintiff himself in his brief filed before this court, in opposing the motion of the appellees to dismiss the appeal as being frivolous. In that brief the plaintiff says that the judgment rendered in the instant case involves solely and exclusively defendants L. Alvarez and Rafael Ruiz, who were the ones that appeared and interposed the demurrer, and not Mrs. Marín, who could not be affected by a modifica-

118

tion or revocation of the judgment appealed from, because the courts of Puerto Rico have not acquired jurisdiction over her person.

The district court maintained that the complaint did not state facts sufficient to constitute a cause of action and added as a further ground that it lacked jurisdiction over the defendants-appellees. Even supposing that a right of action existed against the defendants, in our opinion the lack of jurisdiction of the court is clear, because the sureties can not be responsible for an amount in excess of $200, which was the bond required by the municipal court to decree the attachment. This amount is not within the jurisdiction of the district court. As concerns Mrs. Petra B. de Marín, no controversy exists between her and the plaintiff, because she has not been a party to this action nor has she made an appearance therein nor is there any probability that she will. The fact that a sum larger than $500 is claimed and that a person is included in the complaint who has never been under the jurisdiction of the court, can not vest said court with jurisdiction over the person of the defendants, who in no event would be liable for a sum larger than the amount of the bond.

The judgment appealed from must be affirmed.